

FILED
1/16/2026
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

ER

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | No. 23 CR 17 |
| ANTOINE LARRY | Judge John F. Kness |

# FINAL JURY INSTRUCTIONS

Members of the jury, I will now instruct you on the law that you must follow in deciding this case. Each of you has a copy of these instructions to use in the jury room. You must follow all of my instructions about the law, even if you disagree with them. This includes the instructions I gave you before the trial, any instructions I gave you during the trial, and the instructions I am giving you now.

As jurors, you have two duties. Your first duty is to decide the facts from the evidence that you saw and heard here in court. This is your job, not my job or anyone else's job.

Your second duty is to take the law as I give it to you, apply it to the facts, and decide if the government has proved the defendant guilty beyond a reasonable doubt.

You must perform these duties fairly and impartially. Do not let sympathy, prejudice, fear, or public opinion influence you. In addition, do not let any person's race, color, religion, national ancestry, or gender influence you.

You must not take anything I said or did during the trial as indicating that I have an opinion about the evidence or about what I think your verdict should be.

The charges against the defendant are in a document called an indictment. You will have a copy of the indictment during your deliberations.

Count One of the indictment charges the defendant with conspiracy to embezzle and steal money or property under the custody and control of a local government agency, and to corruptly solicit, demand, accept, and agree to accept things of value. Counts Two and Four of the indictment charge the defendant with extortion. Count Three of the indictment charges the defendant with attempted extortion. The defendant has pled not guilty to the charges.

The indictment is simply the formal way of telling the defendant what crimes he is accused of committing. It is not evidence that the defendant is guilty. It does not even raise a suspicion of guilt.

The defendant is presumed innocent of each and every one of the charges. This presumption continues throughout the case, including during your deliberations. It is not overcome unless, from all the evidence in the case, you are convinced beyond a reasonable doubt that the defendant is guilty as charged.

The government has the burden of proving the defendant's guilt beyond a reasonable doubt. This burden of proof stays with the government throughout the case.

The defendant is never required to prove his innocence. He is not required to produce any evidence at all.

You must make your decision based only on the evidence that you saw and heard here in court. Do not consider anything you may have seen or heard outside of court, including anything from the newspaper, television, radio, the Internet, social media, text messages, e-mails, or any other source.

The evidence includes only what the witnesses said when they were testifying under oath, the exhibits that I allowed into evidence, and the stipulations that the lawyers agreed to. A stipulation is an agreement that certain facts are true or that a witness would have given certain testimony.

Nothing else is evidence. The lawyers' statements and arguments are not evidence. If what a lawyer said is different from the evidence as you remember it, the evidence is what counts. The lawyers' questions and objections likewise are not evidence.

A lawyer has a duty to object if he or she thinks a question is improper. If I sustained objections to questions the lawyers asked, you must not speculate on what the answers might have been.

If, during the trial, I struck testimony or exhibits from the record, or told you to disregard something, you must not consider it.

Give the evidence whatever weight you decide it deserves. Use your common sense in weighing the evidence, and consider the evidence in light of your own everyday experience.

People sometimes look at one fact and conclude from it that another fact exists. This is called an inference. You are allowed to make reasonable inferences, so long as they are based on the evidence.

You may have heard the terms "direct evidence" and "circumstantial evidence." Direct evidence is evidence that directly proves a fact. Circumstantial evidence is evidence that indirectly proves a fact.

You are to consider both direct and circumstantial evidence. The law does not say that one is better than the other. It is up to you to decide how much weight to give to any evidence, whether direct or circumstantial.

Do not make any decisions simply by counting the number of witnesses who testified about a certain point.

What is important is how truthful and accurate the witnesses were and how much weight you think their testimony deserves.

A defendant has an absolute right not to testify. You may not consider in any way the fact that the defendant did not testify. You should not even discuss it in your deliberations.

Part of your job as jurors is to decide how believable each witness was, and how much weight to give each witness's testimony. You may accept all of what a witness says, or part of it, or none of it.

Some factors you may consider include:

- the intelligence of the witness;

- the witness's ability and opportunity to see, hear, or know the things the witness testified about;

- the witness's memory;

- the witness's demeanor;

- whether the witness had any bias, prejudice, or other reason to lie or slant the testimony;

- the truthfulness and accuracy of the witness's testimony in light of the other evidence presented; and

- inconsistent statements or conduct by the witness.

10

It is proper for an attorney to interview any witness in preparation for trial.

You have heard evidence that before the trial, witnesses made statements that may be inconsistent with their testimony here in court. You may consider an inconsistent statement made before the trial only to help you decide how believable a witness's testimony was here in court.

You have heard testimony from Jarrett Snowden, Bernard Allison, and Kristoffer Wilkerson, who have each received a benefit in return for their cooperation with the government.

Additionally, Jarrett Snowden pled guilty to being involved in the crimes the defendant is charged with committing. You may not consider Snowden's guilty plea as evidence against the defendant.

You may give these witnesses' testimony whatever weight you believe is appropriate, keeping in mind that you must consider that testimony with caution and great care.

You may consider evidence that a witness was convicted of a crime only in deciding the believability of his testimony. You may not consider it for any other purpose.

You have heard testimony of an identification of a person. Identification testimony is an expression of the witness's belief or impression. In evaluating this testimony, you should consider the opportunity the witness had to observe the person at the time of the offense and to make a reliable identification later. You should also consider the circumstances under which the witness later made the identification.

The government must prove beyond a reasonable doubt that the defendant is the person who committed the crime that is charged.

You have heard a witness, namely, Scott Erthal, who gave opinions and testimony about the location of certain cellular telephones at certain times. You do not have to accept this witness's opinions and testimony. You should judge this witness's opinions and testimony the same way you judge the testimony of any other witness. In deciding how much weight to give to these opinions and testimony, you should consider the witness's qualifications, how he reached his conclusions, and the factors I have described for determining the believability of testimony.

16

You have heard recorded conversations. This is proper evidence that you should consider together with and in the same way you consider the other evidence.

You were also given transcripts of the conversations to help you follow the recordings as you listened to them. The recordings are the evidence of what was said and who said it. The transcripts are not evidence. If you noticed any differences between what you heard in a conversation and what you read in the transcripts, your understanding of the recording is what matters. In other words, you must rely on what you heard, not what you read. And if you could not hear or understand certain parts of a recording, you must ignore the transcripts as far as those parts are concerned.

I am providing you with the recordings and a device with instructions on its use. It is up to you to decide whether to listen to the recordings during your deliberations. You may, if you wish, rely on your recollections of what you heard during the trial.

17

Certain summaries and charts were admitted in evidence. You may use those summaries and charts as evidence even though the underlying documents are not here.

It is up to you to decide how much weight to give to the summaries and charts.

If you have taken notes during the trial, you may use them during deliberations to help you remember what happened during the trial. You should use your notes only as aids to your memory. The notes are not evidence. All of you should rely on your independent recollection of the evidence, and you should not be unduly influenced by the notes of other jurors. Notes are not entitled to any more weight than the memory or impressions of each juror.

Count One of the indictment charges the defendant with conspiracy. In order for you to find the defendant guilty of this count, the government must prove each of the three following elements beyond a reasonable doubt:

1. The conspiracy as charged in Count One existed; and

2. The defendant knowingly became a member of the conspiracy with an intent to advance the conspiracy; and

3. One of the conspirators committed an overt act in an effort to advance the goals of the conspiracy.

An overt act is any act done to carry out the goals of the conspiracy. The government is not required to prove all of the overt acts charged in the indictment.

If you find from your consideration of all the evidence that the government has proved each of these elements beyond a reasonable doubt, then you should find the defendant guilty of Count One.

If, on the other hand, you find from your consideration of all the evidence that the government has failed to prove one or more of these elements beyond a reasonable doubt, then you should find the defendant not guilty of Count One.

A "conspiracy" is an express or implied agreement between two or more persons to commit a crime. A conspiracy may be proven even if its goals were not accomplished.

In deciding whether the charged conspiracy existed, you may consider all of the circumstances, including the words and acts of each of the alleged participants.

To be a member of a conspiracy, the defendant does not need to join it at the beginning, and he does not need to know all of the other members or all of the means by which the illegal goals of the conspiracy were to be accomplished. The government must prove beyond a reasonable doubt that the defendant was aware of the illegal goals of the conspiracy and knowingly joined the conspiracy.

In deciding whether the defendant joined the charged conspiracy, you must base your decision only on what the defendant did or said. To determine what the defendant did or said, you may consider the defendant's own words or acts. You may also use the words or acts of other persons to help you decide what the defendant did or said.

Count One charges a conspiracy to commit two different offenses.

First, Count One charges a conspiracy to embezzle and steal property under the custody and control of a local government agency.

The offense of embezzling and stealing property in the custody and control of a local government agency is committed when:

1. A person was an agent of a local government; and

2. The person embezzled or stole some money or property; and

3. The money or property was under the care, custody, or control of a local government agency; and

4. The money or property had a value of $5,000 or more; and

5. The local government, in a one-year period, received benefits of more than $10,000 under any Federal program involving a grant, contract, subsidy, loan, guarantee, or other assistance.

23

Second, Count One charges a conspiracy to corruptly solicit, demand, accept, and agree to accept things of value. The offense of corruptly soliciting, demanding, accepting, and agreeing to accept things of value is committed when:

1. A person was an agent of a local government; and

2. That person solicited, demanded, accepted, or agreed to accept a thing of value from another person; and

3. That person did so corruptly that is, with the understanding that something of value is to be offered or given to influence or reward him in connection with his official duties; and

4. The person acted with the intent to be influenced or rewarded in exchange for an official act related to some business, transaction, or series of transactions involving the local government; and

5. This business, transaction, or series of transactions involving the local government involved a thing of value of $5,000 or more; and

6. The local government, in a one-year period, received benefits of more than $10,000 under any Federal program involving a grant, contract, subsidy, loan, guarantee, or other assistance.

24

A defendant acts with the "intent to be influenced or rewarded" if he solicited, demanded, accepted or agreed to accept a thing of value in exchange for an official act before taking the official act, and did so in connection with some business, transaction or series of transactions of the local government agency. If the defendant has taken the official act before he solicited, demanded, accepted or agreed to accept the thing of value, then the defendant has not acted with the "intent to be influenced or rewarded."

Even if payment of the thing of value is provided after the official act, or is to be provided after the official act, the defendant acts with the "intent to be influenced or rewarded" so long as he solicited, demanded, accepted or agreed to accept the thing of value in exchange for the official act before taking the official act.

The defendant acts with the "intent to be influenced or rewarded" even if he would have taken the same official act anyway, so long as the defendant solicited, demanded, accepted or agreed to accept the thing of value in exchange for the official act before taking the official act.

An "official act" is a decision or action on a specific matter that is before a public official in his official capacity, involving a formal exercise of governmental power. The withholding of criminal charges, a decision by a public employee not to tow a vehicle, or a public employee's decision to release vehicles from impoundment may qualify as an "official act."

A public official makes a decision or takes action on a matter when he uses his official position to exert pressure on another official to perform an official act, or to advise another official, knowing or intending that the advice will form the basis for an official act by another official.

A public official does not make a decision or take action on a matter if he does no more than set up a meeting, host an event, or call another public official.

In this case, the indictment alleges that the defendant conspired with Snowden to: (a) steal property under the custody and control of a local government agency and (b) corruptly solicit things of value with the intent to be influenced or rewarded in exchange for an official act related to some business, transaction, or series of transactions involving the local government agency. I will refer to these as the alleged "objects" of the conspiracy. The government is not required to prove that the defendant and Snowden agreed upon both of these objects of the conspiracy. However, the government is required to prove that the defendant and Snowden agreed upon at least one of these objects of the conspiracy. To find that the government has proven this, you must agree unanimously on which particular object the defendant and Snowden agreed upon.

For example, if some of you were to find that the government has proved beyond a reasonable doubt that the defendant conspired to embezzle and steal property under the custody and control of a local government agency, and the rest of you were to find that the government has proved beyond a reasonable doubt that the defendant conspired to corruptly solicit things of value, then there would be no unanimous agreement on which object of the conspiracy the government has proved. On the other hand, if all of you were to find that the government has proved beyond a reasonable doubt that the defendant conspired to corruptly solicit things of value, then there would be a unanimous agreement on the particular object of the conspiracy that the government proved.

27

An "agent" is a person who is authorized to act on behalf of a government or agency, including an employee, officer, or representative.

The government need not prove that all of the details of the conspiracy were formally agreed upon or carried out. However, the government must prove beyond a reasonable doubt that a defendant was aware of the common purpose and was a willing participant in the charged conspiracy.

A person acts "knowingly" if he realizes what he is doing and is aware of the nature of his conduct, and does not act through ignorance, mistake, or accident.

Counts Two and Four of the indictment charge the defendant with extortion. In order for you to find the defendant guilty of this charge, the government must prove each of the following elements beyond a reasonable doubt:

1.     The defendant knowingly obtained money or property from an individual; and

2.     The defendant did so under color of official right, as that term is defined in these instructions; and

3.     The individual consented to part with the money or property because of the extortion; and

4.     The defendant believed that the individual parted with the money or property because of the extortion; and

5.     The conduct of the defendant affected interstate commerce.

If you find from your consideration of all the evidence that the government has proved each of these elements beyond a reasonable doubt as to the charge you are considering, then you should find the defendant guilty of that charge.

If, on the other hand, you find from your consideration of all the evidence that the government has failed to prove one or more of these elements beyond a reasonable doubt as to the charge you are considering, then you should find the defendant not guilty of that charge.

31

Extortion under "color of official right" occurs when a public official receives money or property to which he is not entitled, believing that the money or property is being given to him in return for taking, withholding, or influencing official action.

While the official must receive the money or property in return for the official action, the government does not have to prove that the official actually took or intended to take that action; that the official could have actually taken the action in return for which payment was made; or that the official would not have taken the same action even without payment.

With respect to extortion (Counts Two and Four), the government must prove that the defendant's actions affected interstate commerce in some way or degree. This occurs if the natural consequences of the defendant's actions were some effect on interstate commerce, however minimal. This would include reducing the assets of a person who or business that customarily purchased goods from outside the state of Illinois or actually engaged in business outside the state of Illinois, and if those assets would have been available to the person or business for the purchase of such goods or the conducting of such business if not for the defendant's conduct. It is not necessary for you to find that the defendant knew or intended that his actions would affect interstate commerce.

Federal law prohibits extortions that affect illegal as well as legal businesses. Therefore, it makes no difference that, as a natural consequence of the defendant's actions, the commerce that was affected related to an illegal business such as drug trafficking. The government may satisfy this element if it shows that the defendant and Snowden extorted a drug dealer of drug proceeds.

33

A person may be found guilty of an offense by knowingly aiding, counseling, commanding, inducing, or procuring the commission of the offense if he knowingly participated in the criminal activity and tried to make it succeed. In order for you to find the defendant guilty of Count Two or Count Four on this basis, the government must prove each of the following elements beyond a reasonable doubt:

1.      The crime of extortion was committed, as set forth on page 35 of these instructions.

2.      The defendant participated in the criminal activity and tried to make it succeed.

3.      The defendant did so knowingly.

The second element may be established without proof that the defendant personally participated in every act of the crime of extortion.

Count Three of the indictment charges the defendant with attempted extortion. A person attempts to commit extortion if he (1) knowingly takes a substantial step toward committing extortion, (2) with the intent to commit extortion. The substantial step must be an act that strongly corroborates that the defendant intended to carry out the extortion.

To prove attempted extortion, the government must prove each of the following elements beyond a reasonable doubt:

1.      The defendant knowingly attempted to obtain money or property from an individual;

2.      The defendant did so under color of official right, as that term is defined in these instructions; and

3.      The defendant believed that the individual would have parted with the money or property because of the extortion; and

4.      The conduct of the defendant affected, would have affected, or had the potential to affect interstate commerce.

If you find from your consideration of all the evidence that the government has proved each of these elements beyond a reasonable doubt, then you should find the defendant guilty of Count Three.

If, on the other hand, you find from your consideration of all the evidence that the government has failed to prove one or more of these elements beyond a reasonable doubt, then you should find the defendant not guilty of Count Three.

35

Attempted extortion under "color of official right" occurs when a public official attempts to obtain money or property to which he is not entitled, believing that the money or property is being given to him in return for taking, withholding, or influencing official action.

While the official must attempt to obtain the money or property in return for the official action, the government does not have to prove that the official actually took or intended to take that action; that the official could have actually taken the action in return for which payment was made; or that the official would not have taken the same action even without payments.

36

With respect to attempted extortion (Count Three), the government must prove that the defendant's actions had the potential to affect interstate commerce in some way or degree. This occurs if the natural consequences of the defendant's actions would have been some effect on interstate commerce, however minimal. This would include reducing the assets of a person who or business that customarily purchased goods from outside the state of Illinois or actually engaged in business outside the state of Illinois, and if those assets would have been available to the person or business for the purchase of such goods or the conducting of such business if not for the defendant's conduct. It is not necessary for you to find that the defendant knew or intended that his actions would affect interstate commerce or that there has been an actual effect on interstate commerce.

Federal law prohibits extortions that affect illegal as well as legal businesses. Therefore, it makes no difference that, as a natural consequence of the defendant's actions, the commerce that was affected related to an illegal business such as drug trafficking. The government may satisfy this element if it shows that the defendant and Snowden attempted to extort a drug dealer of drug proceeds.

37

A person may be found guilty of an offense by knowingly aiding, counseling, commanding, inducing, or procuring the commission of the offense if he knowingly participated in the criminal activity and tried to make it succeed. In order for you to find the defendant guilty of Count Three on this basis, the government must prove each of the following elements beyond a reasonable doubt:

1.     The crime of attempted extortion was committed, as set forth on page 35 of these instructions.

2.     The defendant participated in the criminal activity and tried to make it succeed.

3.     The defendant did so knowingly.

The second element may be established without proof that the defendant personally participated in every act of the crime of attempted extortion.

The indictment charges that the crimes happened "in or around" or "on or about" certain dates. The government must prove that the crimes happened reasonably close to the dates alleged. The government is not required to prove that the crimes happened on those exact dates.

The defendant has been accused of more than one crime. The number of charges is not evidence of guilt and should not influence your decision.

You must consider each charge separately. Your decision on one charge, whether guilty or not guilty, should not influence your decision on any other charge.

In deciding your verdict, you should not consider the possible punishment for the defendant who is on trial. If you decide that the government has proved the defendant guilty beyond a reasonable doubt, then it will be my job to decide on the appropriate punishment.

Once you are all in the jury room, the first thing you should do is choose a foreperson. The foreperson should see to it that your discussions are carried on in an organized way and that everyone has a fair chance to be heard. You may discuss the case only when all jurors are present.

Once you start deliberating, do not communicate about the case or your deliberations with anyone except other members of your jury. You may not communicate with others about the case or your deliberations by any means. This includes oral or written communication, as well as any electronic method of communication, such as telephone, cell phone, smart phone, iPhone, Blackberry, computer, text messaging, instant messaging, the Internet, chat rooms, blogs, websites, or services like Facebook, LinkedIn, YouTube, Instagram, Snapchat, X (formerly known as Twitter), or any other method of communication.

If you need to communicate with me while you are deliberating, send a note through the court security officer. The note should be signed by the foreperson, or by one or more members of the jury. To have a complete record of this trial, it is important that you do not communicate with me except by a written note. I may have to talk to the lawyers about your message, so it may take me some time to get back to you. You may continue your deliberations while you wait for my answer.

42

If you send me a message, do not include the breakdown of any votes you may have conducted. In other words, do not tell me that you are split 6–6, or 8–4, or whatever your vote happens to be.

A verdict form has been prepared for you. You will take this form with you to the jury room.

When you have reached unanimous agreement, your foreperson will fill in, date, and sign the verdict form. Each of you will sign it. Advise the court security officer once you have reached a verdict. When you come back to the courtroom, I will read the verdicts aloud.

The verdict must represent the considered judgment of each juror. Your verdict, whether it is guilty or not guilty, must be unanimous.

You should make every reasonable effort to reach a verdict. In doing so, you should consult with each other, express your own views, and listen to your fellow jurors' opinions. Discuss your differences with an open mind. Do not hesitate to re-examine your own view and change your opinion if you come to believe it is wrong. But you should not surrender your honest beliefs about the weight or effect of evidence just because of the opinions of your fellow jurors or just so that there can be a unanimous verdict.

Each of you should give fair and equal consideration to all the evidence. You should deliberate with the goal of reaching an agreement that is consistent with the individual judgment of each juror.

You are impartial judges of the facts. Your sole interest is to determine whether the government has proved its case beyond a reasonable doubt.

Date: January 15, 2026

_____
JOHN F. KNESS
United States District Judge

45